UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM GAULT,<br><br>Plaintiff,<br><br>v.<br><br>ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY and HASHAD HUSSAN QAYD,<br><br>Defendants.<br>_____/ | Case No. 15-13819<br><br>SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW<br><br>MAGISTRATE JUDGE ELIZABETH A. STAFFORD |

**ORDER GRANTING DEFENDANT ESURANCE'S MOTION TO SEVER DEFENDANT QAYD [2], REMANDING PLAINTIFF'S CLAIM AGAINST DEFENDANT QAYD TO MICHIGAN'S 36TH DISTRICT COURT, GRANTING DEFENDANT ESURANCE'S MOTION FOR SUMMARY JUDGMENT [8], AND DENYING DEFENDANT ESURANCE'S MOTION TO CONSOLIDATE CASES [2] AS MOOT**

On September 28, 2015, Plaintiff filed a negligence claim against Defendant Qayd in Michigan's 36th District Court. On October 2, 2015, Plaintiff amended his state-court complaint to add a breach of contract claim against Defendant Esurance for uninsured motorist (UM) benefits. Esurance removed the case to this Court on October 29, 2015, and filed a Motion to Sever Defendant Qayd and Consolidate Cases [2] the same day. Esurance filed a Motion for Summary

Judgment [8] on January 4, 2016, and a Supplemental Brief [11] on January 29, 2016.  Plaintiff has filed no response briefs.  However, in a companion case (no. 15-13407), Plaintiff filed a brief in opposition to summary judgment that presents argument relevant to the merits of his breach of contract claim here.  The Court held a hearing on the pending motions, as well as the pending motion for summary judgment in the companion case, on June 24, 2016.

For the reasons stated below, Defendant Esurance's Motion to Consolidate Cases and Sever Defendant Qayd [2] is **GRANTED**.  The severed claim against Defendant Qayd is **REMANDED** to Michigan's 36th District Court.  Defendant Esurance's Motion for Summary Judgment [8] is **GRANTED**.

## FACTUAL BACKGROUND

On August 22, 2014, Defendant Esurance issued an insurance policy to Jacqueline Willingham.  The policy provides uninsured motorist (UM) benefits.  Willingham is the only Named Insured identified in the policy.  The policy provides that it will pay benefits to a Named Insured or to a Named Insured's live-in relative, if the live-in relative is using a car listed on the policy with the Named Insured's permission.

Sometime between August and November 2014, Plaintiff asked Willingham to seek coverage for his 1996 Geo Prizm through her Esurance policy, at his expense.  Willingham is not related to Plaintiff and has never lived with him.

Willingham had met Plaintiff about six months earlier through her fiancé, with whom Plaintiff was friends.

On November 10, 2014, Willingham called Esurance several times. Between calls to Esurance, she called Plaintiff to discuss what information to provide. Willingham told Esurance representatives that Plaintiff was her brother. Neither Willingham nor any Esurance representative discussed whether Plaintiff lived with Willingham. On the same day these calls occurred, Esurance added Plaintiff to Willingham's policy as an additional driver (not a Named Insured), and also added his 1996 Geo Prizm as a covered auto.

Later that month, Plaintiff was parked in his wife's 2005 Chevy Monte Carlo when it was struck by another driver. The Monte Carlo was not on Willingham's Esurance policy.

In January 2015, Plaintiff notified Esurance of a claim for UM benefits arising from the accident. He also asked that Esurance remove him from Willingham's policy and back-date the removal to December 1, 2014. Esurance removed him from the policy in January 2015. Esurance has produced records of notes made by its representatives concerning Plaintiff's claims for benefits. According to those notes, Willingham again represented that Plaintiff was her (half) brother during a phone call on February 6, 2015.

On March 12, 2015, Esurance conducted an Examination Under Oath of Plaintiff's wife. On May 27, 2015, Esurance conducted an Examination Under Oath of Willingham. When asked why she told Esurance that Plaintiff was her brother, Willingham answered that Plaintiff was her fiance's "brother" due to their friendship. Esurance asked Plaintiff to appear for an Examination Under Oath, but he did not. On September 1, 2015, Plaintiff's counsel received a letter from Esurance denying the claim for UM benefits.

## ANALYSIS

### I.    Severance of Defendant Qayd

In its Notice of Removal [1], Esurance identifies the diversity jurisdiction statute as the grounds for this Court's subject-matter jurisdiction. Esurance does not dispute that both Plaintiff and Defendant Qayd are domiciled in Michigan and are therefore Michigan citizens for purposes of determining whether complete diversity exists. Thus, if Defendant Qayd remains in the case, the parties are not completely diverse and the Court lacks subject-matter jurisdiction. Esurance asks the Court to remove Defendant Qayd from the case by severing the negligence claim against him.

Esurance invokes the doctrine of fraudulent joinder, but that doctrine is inapplicable. "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous.*

*Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir.2009) (citing *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). "[T]o prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564–65 (6th Cir. 2015) (citing *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)). Esurance does not argue that Plaintiff has no colorable claim against Defendant Qayd. Instead, Esurance argues that Qayd's joinder was fraudulent because Plaintiff joined Qayd "for the purposes of improperly controlling jurisdiction and diversity in the claims asserted against Esurance." However, a plaintiff's motive in joining a defendant is irrelevant to the fraudulent joinder inquiry. *Jerome-Duncan*, 176 F.3d at 907.

    Esurance asks the Court to exercise its discretion to sever Qayd under Federal Rule of Civil Procedure 21. Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party." *Safeco Ins. Co. of America v. City of White House, Tenn.,* 36 F.3d 540, 545 (6th Cir. 1994) (footnotes omitted). A party is necessary under Rule 19 if (1) "in that person's absence, the court cannot accord complete relief among existing parties;" (2) the party claims

an interest related to the action and resolving the action in the party's absence may "as a practical matter impair or impede the person's ability to protect the interest;" or (3) the party claims an interest related to the action and resolving the action in the party's absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a).

The Court concludes that it may sever Defendant Qayd under Rule 21 because he is not a necessary party within the meaning of Rule 19. The insurance contract at issue does not require joinder of the uninsured motorist. The Court can accord complete relief among Plaintiff and Esurance in Qayd's absence. It is true that pursuant to the insurance policy, Plaintiff can only recover UM benefits for the accident if he proves that he is legally entitled to compensatory damages from Qayd. Qayd may therefore have "an interest related to the action"—specifically, an interest in disclaiming damages liability to Plaintiff. But resolving the action in Qayd's absence will not leave Plaintiff or Esurance subject to a substantial risk of inconsistent obligations because of Qayd's interest. Nor will it impair or impede Qayd's ability to protect that interest; even as a nonparty he may testify regarding the non-negligent nature of his conduct, and a judgment against Esurance would not bind Qayd or have preclusive effect in a separate action against him, as a nonparty not in privity with Esurance.

The Court exercises its discretion to sever Plaintiff's claim against Defendant Qayd and remand that claim to Michigan's 36th District Court.

## II.  Summary Judgment

Plaintiff's claim for UM benefits turns on whether he is entitled to coverage under Willingham's insurance contract with Defendant. Plaintiff concedes that he has no coverage under the plain language of the insurance contract. His concession is equivocal, since he requests time to investigate "latent ambiguities" in the contract. But he makes no attempt to explain what those ambiguities might be. He also explicitly asks the Court to "ignore the plain language of Ms. Willingham's Esurance policy." Thus, it appears undisputed that the contract does not provide Plaintiff coverage. Accordingly, Esurance's failure to pay UM benefits on Plaintiff's claim is not a breach of contract.

Plaintiff seeks equitable remedies, including contract reformation and damages for unjust enrichment. Under Michigan law, "one who seeks the aid of equity must come in with clean hands." *Rose v. National Auction Group, Inc.*, 466 Mich. 453, 463 (Mich. 2002) (quoting *Stachnik v. Winkel*, 394 Mich. 375, 382 (Mich. 1975)); *see also Ammori v. Nafso*, No. 312498, 2014 WL 308845, at *3 (Ct. App. Mich. Jan. 28, 2014) ("A party with unclean hands may not assert claims for equitable relief such as a claim for unjust enrichment.") (citing *Attorney Gen v. PowerPick Player's Club of Mich*, LLC, 287 Mich. App 13, 52 (Ct. App. Mich.

2010)). Misconduct need not be illegal to render a party's hands unclean, so long as it includes "any willful act in regard to the matter in litigation, which would be condemned and pronounced wrongful by honest and fair-minded men." *Rose*, 466 Mich. at 466 (quoting 2 POMEROY'S EQUITY JURISPRUDENCE, ch. I, § 404, p. 143 (1941)). The misconduct need not harm the opposing party. *In re Sutter*, 665 F.3d 722, 731 (6th Cir. 2012) (explaining that the Michigan Supreme Court's decision in *Rose* implicitly rejected a harm requirement). The Court may apply the unclean hands doctrine sua sponte. *Gerald L. Pollack & Associates, Inc. v. Pollack*, 2015 WL 339715, at *46 (Ct. App. Mich. Jan. 27, 2015) (unpublished) (quoting *Stachnik v. Winkel*, 394 Mich. 375, 382 (Mich. 1975)).

Misrepresentations to an insurer designed to procure more favorable insurance contract terms, even if legal, would be pronounced wrongful by honest people. Under Michigan law, "a party may be deemed 'actively involved in defrauding' the insurer absent direct communication," so long as he is complicit in the misrepresentation made by the one who directly communicated with the insurer. *Price v. McCullough*, No. 307045, 2013 WL 331618, at *2 (Ct. App. Mich. Jan. 29, 2013) (unpublished) (citing *Hammoud v. Metropolitan Prop. & Cas. Ins. Co.*, 222 Mich. App. 485 (Ct. App. Mich. 1997)).

The Court holds that the unclean hands doctrine bars Plaintiff from receiving equitable remedies, including contract reformation and unjust enrichment damages.

While acting on Plaintiff's request that she obtain coverage for him under her insurance contract, Willingham misrepresented to Esurance representatives that Plaintiff was her brother. At her Examination Under Oath, Willingham testified that she had only known Plaintiff for about six months at the time of the misrepresentation, and that she knew him as a friend of her fiancé. She also testified that between her phone calls with Esurance representatives, she spoke with Plaintiff about what information to provide Esurance. Plaintiff has produced no testimony or other evidence to the effect that he did not know Willingham misrepresented their relationship. Any reasonable juror would conclude that Plaintiff at least knew of and acquiesced in the misrepresentation.

Even if Plaintiff's hands were clean, he has raised no genuine issue of material fact regarding whether he is entitled to contract reformation or unjust enrichment damages. Because Plaintiff is not a party to the contract between Willingham and Esurance, he cannot obtain reformation of the contract. *Stone v. Auto-Owners Ins. Co.*, 307 Mich. App. 169, 180 (Ct. App. Mich. 2014) (citing *Mate v. Wolverine Mut. Ins. Co.*, 233 Mich. App. 14, 25 (Ct. App. Mich. 1998); *Harwood v. Auto–Owners Ins. Co.*, 211 Mich. App. 249, 253–254, (Ct. App. Mich. 1995)). Further, Plaintiff's unjust enrichment claim seeks return of payments he allegedly made to Esurance—but he has provided no evidence supporting the assertions in his brief that he made any such payments. "[A] motion for summary

judgment may not be defeated by factual assertions in the brief of the party opposing it, since documents of this nature are self-serving and are not probative evidence of the existence or nonexistence of any factual issues." *Garvey v. Montgomery*, 128 F. App'x 453, 462 n.6 (6th Cir. 2005) (quoting *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 325 n. 1 (6th Cir. 1988)).

Because Plaintiff is barred from receiving equitable remedies and he is not entitled to remedies under the relevant contract, Defendant Esurance is entitled to summary judgment on all of Plaintiff's claims against it.

### III. Consolidation with companion case

Because Plaintiff's claim against Defendant Qayd is remanded to Michigan's 36th District Court and Defendant Esurance is granted summary judgment on Plaintiff's claims against it, this case is closed. Esurance's request to consolidate this case with case no. 15-13407 is therefore denied as moot.

#### CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Esurance's Motion to Sever Defendant Qayd [2] is **GRANTED**. Plaintiff's claim against Defendant Qayd is **REMANDED** to Michigan's 36th District Court.

**IT IS FURTHER ORDERED** that Defendant Esurance's Motion for Summary Judgment [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Esurance's Motion to Consolidate Cases [2] is **DENIED** as moot.

**SO ORDERED**.

                                        s/Arthur J. Tarnow

                                        Arthur J. Tarnow
Dated: July 29, 2016                    Senior United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2016.

                                        s/Deborah Tofil for Mike Lang
                                        Deborah Tofil
                                        Case Manager (313)234-5122